B. W. SMALL, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 27, 1905.

1. MUNICIPAL CORPORATIONS: Defective Sidewalk: Instructions: Assuming Fact: Scienter. An instruction is held not to contain the vice of assuming a fact and appellant errs in claiming the injured party had knowledge of the defect.

2. ———: ———: Repairs: Scienter: Instructions. It is held that instructions are proved in the case of 185 Mo. 291.

Appeal from Johnson Circuit Court.—*Hon. Wm. L. Jarrott,* Judge.

AFFIRMED.

*R. J. Ingraham,* City Counselor, and *J. J. Williams* for appellant.

(1) Plaintiff's instruction numbered 5 is erroneous. Under its language, if a sidewalk became not reasonably safe, and the city failed to repair it within a reasonable time thereafter, and a person was injured by reason of such condition, the city is liable, without regard to whether a reasonable time to repair it had passed before the injury was received. That is clearly

not the law.   Baustian v. Young, 152 Mo. 317; Badgely v. St. Louis, 149 Mo. 122; Carvin v. St. Louis, 151 Mo. 334.   (2) There was no evidence that the witness Hart was a sidewalk inspector of Kansas City at or before the date of the accident sued on.   Therefore, it was error to incorporate and submit that question and its consequences to the jury.   Lyons v. Carter, 81 Mo. App. 488; Cooper v. Mexico, 62 Mo. App. 335; Carrington v. St. Louis, 89 Mo. 208; Cook v. Anamosa, 66 Iowa 427; Mechem on Public Officers, sec. 846.   (3)   Plaintiff's instruction numbered 7 assumes that plaintiff's wife had no knowledge of the condition of the walk, and lays down her right to assume its reasonably safe condition in the absence of such knowledge.   Wheat v. St. Louis, 179 Mo. 572; Lynch v. Railway, 112 Mo. 432.   (4) The fact that she was warned of the particular hole, and the evidence of her manner of travelling at the time of the accident, given by plaintiff's own witnesses, not showing any heed to the warning, and she being the only one of the crowd to step in the hole, was some evidence of contributory negligence.   Therefore, instruction numbered 7, for the plaintiff, should not have been given, and it was reversible error to give it.   Schepers v. Depot Co., 126 Mo. 670; Moberly v. Railroad, 98 Mo. 183; Rapp v. Railroad, 106 Mo. 428; Myers v. Kansas City, 108 Mo. 487; Bailey v. Railway, 152 Mo. 461; Brannock v. Elmore, 114 Mo. 64; Payne v. Railway, 129 Mo. 419; Weller v. Railway, 120 Mo. 651.

*Hardin & Taylor* for respondent.

(1)   Plaintiff's instruction numbered 5 is the same as the instruction numbered 3, given in the trial of Lutie G. Small, plaintiff's wife, against Kansas City, a case growing out of the identical facts as are in this case; the Supreme Court affirmed her case and approved the instruction.   Small v. Kansas City, 185 Mo. 291.   (2) Appellant is in error in asserting that "there

is no evidence that witness Hart was a sidewalk inspector of Kansas City at or before the date of the accident sued on." Hart testifies that he was such inspector from May, 1901, to May, 1902,. of the sidewalk in question. The Supreme Court also settled appellant on this contention in the Lutie G. Small case, supra. (3) It is not true that plaintiff's instruction numbered 7 assumes that plaintiff's wife had no knowledge of the condition of the walk; but the evidence fails to show that she had any such knowledge. Perrette v. Kansas City, 162 Mo. 238; Holloway v. Kansas City, 184 Mo. App. 19. (4) The fact that plaintiff was warned about a hole somewhere, at some time, did not make it incumbent upon her to go about hunting holes on a dark, foggy night, and more especially is this true, when it is remembered that appellant had wholly failed to place any street light near the hole, by which she might have been enabled to see the hole if she had found it.

ELLISON, J.—This is an action for damages to plaintiff by reason of injuries received by his wife falling on a sidewalk alleged to have been defective. The judgment in the trial court was for the plaintiff in the sum of $2,500 and defendant has appealed.

The plaintiff's wife brought her action for damages resulting to her by the fall and recovered a judgment for more than $4,500, which, being within the jurisdiction of the Supreme Court, defendant's appeal was taken there and an opinion written by Judge MAR-SHALL was rendered December 22, 1904, not yet reported. The present case was heard on the same evidence and so far as applicable the same instructions were given which met the approval of the Supreme Court in the wife's case.

Objection is made to plaintiff's instruction numbered seven, it being contended that the court there assumed that plaintiff's wife had no knowledge of the defective walk. We do not think defendant gives the

instruction a fair interpretation, especially in the light of the other instructions with which it must be read and understood. Defendant conceives the instruction to be the more faulty, for the reason, as is contended, plaintiff had warned his wife of the place. This is an error of defendant's, in the sense urged. It is true the plaintiff warned his wife of the hole in the walk. That is, that there was a hole. But he did not locate it as he did not know just where it was, and for that reason fell into it himself. That he did not locate it until after his wife was hurt.

It is further urged against the judgment that plaintiff's instruction numbered five, concerning the duty to repair the sidewalk and when it should be done should not have been given. The instruction is like that in the wife's case and is approved by the Supreme Court.

So as to the sidewalk inspector. There was evidence tending to show that Hart was the sidewalk inspector for nearly nine months prior to the accident. It was not error to instruct the jury that his knowledge of the defective walk was the knowledge of the city. That question was likewise disposed of by the opinion of Judge MARSHALL.

Indeed, the case in the Supreme Court practically determines every point in this case in favor of the plaintiff.

After a full examination of the objections urged, we find we are without any legal reason for disturbing the judgment and it is affirmed. All concur.